UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Electrical Controller Products Company, d.b.a. ECP Solutions** § § § | |
| Plaintiff, § § | CASE NO: 4:23-cv-1292 |
| v. § § § | |
| § | JURY DEMANDED |
| **JS2 LOGISTIC SOLUTIONS, LLC** § § | |
| Defendants. | |

## INTRODUCTION AND COMPLAINT

1. This is a declaratory judgment action seeking a determination that Electrical Controller Products Company, doing business as ECP Solutions ("ECP Solutions") does not infringe any valid or enforceable claims of U.S. Patent No. 10,777,056 (the "'056 Patent" or "Asserted Patent") under 35 U.S.C. § 271.

2. This declaratory judgment action also seeks a determination that the Asserted Patent is invalid, in whole or in part.

## THE PARTIES

3. Plaintiff ECP Solutions is a Texas company having a place of business at 3302 Harrisburg, Houston, TX 77003.

4. Upon information and belief, Defendant JS2 Logistic Solutions, LLC ("JS2") is a limited liability company that may be served through its registered agent and president, Mr. Kevin Hall, at a place of business at 3643 Dill Road, Centerburg, Ohio, or wherever JS2 may be found.

## JURISDICTION & VENUE

5. This action arises under the patent statutes of the United States, 35 U.S.C. § 271 et seq.

6. This Court has federal question jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338(a).

7. ECP Solutions brings this action under 28 U.S.C. §§2201 and 2202 to obtain a declaration of non-infringement and invalidity of the Asserted Patent.

8. On information and belief, the Court has personal jurisdiction over JS2 at least because of its continuous and systematic contacts with the state of Texas and/or this District, including by conducting substantial and regular business through marketing and/or sales of allegedly patented products, policing of residents' local businesses and commerce, and/or engaging in aggressive patent enforcement efforts against residents.

9. Venue is properly within this District in accordance with 28 U.S.C. § 1391 (b) and (c) and § 1400 (b).

## FACTS AND BACKGROUND

**JS3's Asserted Patent**

10. On September 15, 2020, the '056 Patent was issued for an invention entitled Mobile Storage, Tracking and Security System and Method Thereof. A copy of the '056 Patent is attached as Exhibit A and incorporated herein.

11. Upon information and belief Mr. Kevin Hall, the alleged inventor of the '056 Patent, executed an assignment of his interests in the '056 Patent in favor of his company, JS2.

**ECP Solutions Does Not Infringe Any Valid or Enforceable Claim of the Asserted Patent**

12. On March 27, 2023, JS2 sent a letter to ECP Solutions alleging infringement of the Asserted Patent by ECP's On Demand (OD) Pod. JS2's letter included a detailed claim chart

comparing Claim 20 of the '056 Patent against the accused product and alleged ECP's product infringes Claim 20 and "multiple" additional claims of the '056 Patent, all in violation of §271 of the Patent Act.  A copy of JS2's letter is attached as Exhibit B.

13.     JS2 demanded ECP immediately cease and desist infringing the '056 Patent or be subject to a patent enforcement action. Specifically, JS2 demanded that ECP:

> 1. Cease all manufacturing, uses, sales, offers for sale, and inducement to use the OD Pod.
>
> 2. Cease all use of and destroy or remove all advertisements, marketing material, and similar references to the OD Pod, in both electronic and print versions, under ECP's direct or indirect control. Such advertisements, marketing material, and similar references may include, but are not limited to, website content, social media content, marketing collateral, advertising and promotional information, commercials, videos, catalogs, signs, and brochures.
>
> 3. Provide JS2 with a written response indicating that ECP will immediately comply with the demands above.

14.     JS2 threatened to initiate legal action against ECP Solutions if it failed to immediately cease and desist these allegedly infringing activities and provide confirmation of same by April 7, 2023.

15.     ECP Solutions has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the Asserted Patent, either literally or under the doctrine of equivalents.

16.     ECP Solutions files this action to clarify its rights in view of JS2's false patent infringement allegations and threat of legal action against ECP's business interests.

## COUNT I
## DECLARATION OF NONINFRINGEMENT

17.     ECP Solutions incorporates the allegations set forth in the preceding paragraphs.

18.     Based on JS2's allegations and demands as referenced above, an actual controversy

3

has arisen and exists between the parties as to whether ECP Solutions infringes the Asserted Patent.

19.     ECP Solutions does not infringe, and has not infringed, any valid, enforceable claim of the Asserted Patent under any theory of infringement.

## COUNT II
## DECLARATION OF INVALDITY

20.     ECP Solutions incorporates the allegations set forth in the preceding paragraphs.

21.     Based on JS2's allegations and demands as referenced above, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patent.

22.     One or more claims of the Asserted Patent is invalid under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## JURY DEMAND

23.     ECP Solutions demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing allegations, ECP Solutions prays that the Court enter the following judgments and relief in favor of ECP Solutions and against JS2:

A.  a declaration that ECP Solutions does not infringe and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforcement claim of the Asserted Patent;

B.  a declaration that the claims of the Asserted Patent is invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112;

C.  a permanent injunction restraining JS2, and its respective officers, agents, servants, employees, attorneys, and any other persons acting on their behalf or in concert with them, from charging or threatening, orally or in writing, that ECP Solutions or its customers infringe the Asserted Patent under any subsection of 35 U.S.C. § 271; and

D.      an award to ECP Solutions its reasonable attorneys' fees, costs, and all interest (including without limitation any attorneys' fees awards based upon 35 U.S.C. § 285) and any such other and further relief as the Court finds just and proper.

Dated:  April 6, 2023

Respectfully submitted,

PORT & BUMGARNER LLP

*/s/ Reid Bumgarner*
J. Reid Bumgarner
State Bar No. 24053118
S.D. Tex. Bar No. 631284
6750 West Loop S.
Houston, Texas 77401
Telephone: (713) 678-0673
rbumgarner@portbumgarner.com
Attorney-in-Charge

**ATTORNEYS FOR PLAINTIFF**